## IN THE SUPREME COURT OF THE STATE OF NEVADA

SAGE REALTY LLC SERIES 2, A DOMESTIC LIMITED LIABILITY COMPANY,
Appellant,
vs.
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-17,
Respondent.

No. 73735



FILED

DEC 1 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent Bank of New York Mellon's (BNYM) agent tendered $88.95 to Association Management Services (AMS), which represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-908118

assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

We are not persuaded by appellant's argument that BNYM's agent needed to tender 12 months of assessments simply because the HOA structured the assessments as an annual expense instead of a monthly expense. By imposing annual instead of monthly assessments, the HOA in essence accelerated the due date of the assessments. *See* NRS 116.3116(2) (2012) (providing that the superpriority portion of an HOA's lien consists of, as relevant here, "assessments for common expenses . . . which would have become due *in the absence of acceleration* during the 9 months immediately preceding institution of an action to enforce the lien" (emphasis added)); *cf.* NRS 116.3115(1) (2012) (observing that "assessments must be made at least annually"); 1982 Uniform Common Interest Ownership Act § 3-116 cmt. 1 (observing that a secured lender can preserve its interest in the property by paying 6 [or in this case 9] months of assessments). Nor are we persuaded that a question of material fact exists regarding whether the 2011 annual assessment for the subject property was actually $120 instead of $118.60, as AMS's and the HOA's account ledgers both stated that the 2011 annual assessment for the subject property was $118.60. The deposition testimony of Maria Arcos and Rod Thompson does not create a question of fact as to whether this was the annual assessment for the subject property.

Appellant next contends that AMS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But AMS's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as

to the superpriority portion of the HOA's lien by operation of law. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and AMS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Appellant also contends that (1) the tender was ineffective because it imposed conditions, (2) BNYM's agent needed to record evidence of the tender, (3) the agent needed to keep the tender good, and (4) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by appellant's argument that the letter accompanying the check contained conditions purporting to absolve BNYM of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which BNYM might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust.

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Tierra Danielle Jones, District Judge
Clark Newberry Law Firm
Akerman LLP/Las Vegas
Gerrard Cox & Larsen
Eighth District Court Clerk